**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ERNEST MOON,** | ) | **CASE NO. 1:15CV1972** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **MICHELLE MILLER, Warden,** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Ernest Moon's Petition under

28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1).

For the following reasons, the Court accepts and adopts the Magistrate Judge's Report

and Recommendation and dismisses in part and denies in part Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's

Report and Recommendation, adopted and incorporated, provides a more complete and

detailed discussion of the facts.

1

On February 11, 2013, Petitioner pleaded guilty to three counts of Kidnapping, three counts of Rape with a Sexually Violent Predator Specification and three counts of Gross Sexual Imposition.  On March 12, 2013, the trial court sentenced Petitioner to a sentence of sixty years to life.

Petitioner appealed his sentence to the Eighth District Court of Appeals.  On February 6, 2014, the Court of Appeals affirmed the judgment of the trial court. Petitioner did not appeal the Court of Appeals' Judgment to the Ohio Supreme Court. On November 18, 2013, Petitioner filed a Motion to Withdraw Guilty Plea.   The trial court denied Petitioner's Motion to Withdraw Guilty Plea on December 4, 2013. Petitioner filed a Response to the trial courts denial on January 2, 2014.   The trial court construed the Response as a Motion for Reconsideration and denied the Motion.

Petitioner filed a Notice of Appeal and a Motion to File a Delayed Appeal with the Eighth District Court of Appeals on May 16, 2014.  On June 2, 2014, the Court of Appeals denied the Motion.  On July 16, 2014, Petitioner filed a second Motion to Withdraw Guilty Plea.  The trial court denied Petitioner's Motion on August 20, 2014. Petitioner filed an Appeal of the August 20, 2014 Judgment.  On April 30, 2015, the Court of Appeals affirmed the Judgment of the trial court.  Petitioner filed a Notice of Appeal with the Ohio Supreme Court.  On August 26, 2015, the Supreme Court of Ohio declined to accept jurisdiction of the Appeal and dismissed the case.

Petitioner filed the instant Petition on September 24, 2015, asserting three grounds for relief:

> **GROUND ONE:** The trial court abused its discretion and violated due process when it did not grant the petitioners Motion for Withdraw of Guilty Plea pursuant to Crim.R.32 (same in Federal as in State) and violated his

2

right to be tried by a jury.  Fifth, Sixth, and Fourteenth Amendments of the United States Constitution; Section 5 and Section 16, Article 1, Ohio Constitution.

**GROUND TWO:** The trial court abused its discretion when it denied petitioners Motion to Withdraw Guilty Pleas pursuant to Crim.R.32 as untimely and could have been brought up on direct appeal. Due process violation.

**GROUND THREE:** The Court of Appeals abused its discretion and violated due process when it allowed the Appellee to submit reasons for denying the petitioner's appeal that were different from those on the record of appeal.

On October 2, 2015,  this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on December 20, 2016.  On January 11, 2017,  Petitioner filed his Objection and Reasoning to Magistrate Judge's Report and Recommendation.

### STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely

3

erroneous or incorrect.  *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004).  Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

Respondent asserts that Ground One is only cognizable for the limited purpose of the reasonableness of the state court's factual determination that Petitioner's guilty plea was voluntary.  In a habeas proceeding, the State bears the burden of showing the petitioner's plea was valid and usually does so by producing a transcript of the plea hearing. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).  Petitioner claims that he was promised a lesser sentence than was placed on the record if he pled guilty.

The Magistrate Judge thoroughly reviewed the record of the plea colloquy. Petitioner explicitly denied that anyone had made any promises to him to induce his plea, told the court that he was satisfied with his counsel's representation and that he fully understood the terms of the plea and the precise penalties that could be imposed for each count.  Because a valid plea is a solemn declaration of guilt by the defendant, it carries a presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In Petitioner's Objection, he states that his plea could not have been knowing and voluntary because he was under the impression his sentence would only be five

4

years.  The Court does not find Petitioner's statements credible.  The record is clear that Petitioner's plea was voluntary and intelligently made with a full understanding of the consequences to the sentence.  The Court agrees with the Magistrate Judge that the Court of Appeals decision was not contrary to clearly established federal law.  Ground One is without merit and denied.

In Grounds Two and Three, Petitioner appears to be challenging a procedural deficiency in a state post-conviction proceeding.  The Magistrate Judge points out that the Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference.  *Brumfield v. Cain*, 135 S.Ct. 2277.  Therefore, the Magistrate Judge concluded that Petitioner's arguments that his due process was violated when the state court denied the Motion to Withdraw, found the Motion to be untimely, and/or permitted the State to raise issues in its Appellate Brief that were not before the trial court when it denied the original Motion, are non-cognizable.

Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1) (2012).  "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply de novo review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."  *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).  Here, the Magistrate Judge correctly concluded that Petitioner's claims are not subject to review in a federal habeas proceeding.

As was observed by the federal habeas court in *Gibson v. Hocking Correctional*

5

*Facility*, a state defendant has no federal constitutional right, or absolute right under state law, to withdraw a guilty plea.  See e.g., *Dickey v. Warden, Lebanon Corr. Inst.*, No.1:08cv819, 2010 WL 92510, at *1,  *8 (S.D. Ohio Jan.6, 2010) (Beckwith, J.; Black, M.J.) (and numerous cases cited therein);  see also *Cline v. Kelly*, No.1:09cv859, 2010 WL 1006529, at *5 & n.7 (N.D.Ohio Mar.16, 2010)(citing *United States v. Woods*, 554 F.3d 611, 613 (6th Cir.2009); *Xie v. Edwards*, No.93-4385, 1994 WL 462143, at *2 (6th Cir. Aug.25, 1994)).  *Gibson v. Hocking Correctional Facility*, No.1:10CV8, 2011 WL 1429099 (S.D. Ohio Feb. 23, 2011).  Therefore, the Court finds that Grounds Two and Three are dismissed as non-cognizable.

For the foregoing reasons, the Court  **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and denies in part and dismisses in part Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody**,** the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

6

Date:2/10/2017

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

7